**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 17-cv-21535-GAYLES

ISUARA PEREZ,
    Plaintiff,

v.

WAL-MART STORES, INC.;
WAL-MART STORES EAST, LP; and
WSE MANAGEMENT, LLC,
    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*. The Court has reviewed the record in this case and is otherwise fully advised in the premises.

In their Notice of Removal removing this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, filed April 25, 2017, Defendants Wal-Mart Stores, Inc.; Wal-Mart Stores East, LP; and WSE Management, LLC, invoke this Court's diversity jurisdiction. Specifically, under the heading "Diversity of Citizenship Exists between Plaintiff and Defendant," [sic] the Defendants assert that "Plaintiff is a citizen of the State of Florida. Defendants are citizens of the State of Delaware." [ECF No. 1 at 2] (citation omitted).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). To that end, "[a] federal court may raise jurisdictional issues on its own initiative at any stage of litigation." *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court

is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove a case brought in state court to federal court if the federal court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. When a defendant removes a case, it, as the removing party, bears the burden of proving that federal subject matter jurisdiction exists. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Diversity jurisdiction requires fully diverse citizenship of all parties and an amount in controversy over $75,000, 28 U.S.C. § 1332(a), which is determined at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

As this Court has previously explained, it

> continues to be confounded by the fact that, despite the Eleventh Circuit's long-standing rule that "for diversity jurisdiction purposes . . . a limited liability company is a citizen of a state of which a member of the company is a citizen," *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), parties (be they plaintiffs drafting complaints or defendants drafting notices of removal) in every district court in this Circuit habitually fail to properly allege the citizenships of limited liability companies and other unincorporated business entities. *See, e.g.*, *Griggs v. USAA Cas. Ins. Co.*, No. 17-0064, 2017 WL 106015 (N.D. Ga. Jan. 11, 2017); *Gaston v. TAMCO Prop. Mgmt., LLC*, 2017 WL 57342 (N.D. Ala. Jan. 5, 2017); *Tradesmen Int'l, LLC v. JVC Coatings & Fabrication, LLC*, No. 13-0590, 2016 WL 6997068 (S.D. Ala. Nov. 29, 2016); *Prof'l Rev. Recovery Solutions, LLC v. Pillars Recovery, LLC*, No. 16-62656, 2016 WL 7188779 (S.D. Fla. Nov. 14, 2016); *Le Macaron, LLC v. Le Macaron Dev. LLC*, No. 16-0918, 2016 WL 6211718 (M.D. Fla. Oct. 24, 2016); *Those Certain Underwriters at Lloyd's, London, Subscribing to Policy PGIARK02190-02 v. Scott Miller Consulting Eng'r, Inc.*, No. 15-0481, 2016 WL 204478 (M.D. Ala. Jan. 15, 2016); *Bus. Loan Ctr., LLC v. Roland Garros, Inc.*, No. 14-0213, 2015 WL 7776927 (S.D. Ga. Dec. 2, 2015); *James River Ins. Co. v. Arlington Pebble Creek, LLC*, 118 F. Supp. 3d 1302 (N.D. Fla. July 30, 2015); *Branch Banking & Trust Co. v. Greenbriar Estates, LP*, No. 13-0012, 2013 WL 432577 (M.D. Ga. Feb. 1, 2013).

*Burillo Azcarraga v. J.P. Morgan (Suisse) S.A.*, No. 16-22046, 2017 WL 693954, at *3 (S.D. Fla. Feb. 22, 2017). The Defendants here—a limited partnership, a limited liability company, and a corporation—join that regrettably long list of parties by providing the blanket assertion that they

are "citizens of the State of Delaware." But following the rule in *Rolling Greens*, "[t]o sufficiently allege the citizenships of unincorporated business entities, the removing party ***must list the citizenships of all members of the limited liability company***." *S. Beach Grp. Hotels, Inc. v. James River Ins. Co.*, No. 16-23265, 2016 WL 4157422, at *2 (S.D. Fla. Aug. 5, 2016) (citations and internal quotation marks omitted). And Section 1332 provides that a corporation is a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Considering these standards, the Notice of Removal's bare allegation regarding the Defendants' citizenships is "fatally defective." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). The Court therefore finds that the Defendants, as the removing parties, have failed to establish that diversity of citizenship exists in this case. That said, the Court is mindful of the Eleventh Circuit's instruction that, prior to remanding a case for lack of subject matter jurisdiction upon the failure of a removing party to properly allege diversity, a district court must allow the removing party an opportunity to cure the deficiency by granting leave to amend its notice of removal to "'unequivocally' establish diversity of citizenship." *Corporate Mgmt. Advisors Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009) (quoting *Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1569 (11th Cir. 1984)).

Accordingly, it is **ORDERED AND ADJUDGED** that by **May 1, 2017**, the Defendants shall file an Amended Notice of Removal that includes sufficient allegations to unequivocally establish diversity of citizenship of the parties in this case. Failure to comply with this Order will result in remand without further notice for want of federal jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of April, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE